**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 22 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

VINCENT JAMES ZURLA,

        Petitioner-Appellant,

v.

TIM LEMASTER, Warden;
ATTORNEY GENERAL STATE
OF NEW MEXICO,

        Respondents-Appellees.

No. 98-2008
(D.C. No. CIV-97-841-JP/LFG)
(D. N.M.)

ORDER AND JUDGMENT  *

Before **PORFILIO** , **KELLY** , and **HENRY** , Circuit Judges.

After examining petitioner's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.    See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

\*    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner, a prisoner of the State of New Mexico appearing pro se, appeals from the district court's denial of his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  The district court also denied a certificate of appealability.

Before petitioner may proceed on appeal, he must secure a certificate of appealability from this court.     See id. § 2253(c)(1)(A).  Raising the same issues he raised in the district court, petitioner argues that this court should grant a certificate of appealability because:  (1) the State's failure to file an amended supplemental information charging him as a habitual offender deprived him of due process; (2) the State violated the plea agreement by failing to give him the benefit of one less habitual offender enhancement; (3) the eight-and-one-half months' delay between his probation violation arraignment and the probation violation hearing violated due process; and (4) his counsel at the probation violation hearing was ineffective because counsel failed to preserve issues for appeal and failed to properly prepare for the probation violation hearing.

Upon consideration of the record and petitioner's brief, we conclude petitioner has failed to make "a substantial showing of the denial of a constitutional right."     Id. § 2253(c)(2).  We DENY petitioner's request for a certificate of appealability for substantially the reasons stated by the magistrate judge in his findings and recommended disposition filed September 12, 1997, and

adopted by the district court on December 23, 1997. The appeal is DISMISSED.

The mandate shall issue forthwith.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge